USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/24/2023

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>VOYAGER DIGITAL, LLC, a limited liability company, VOYAGER DIGITAL HOLDINGS, INC., a corporation, and VOYAGER DIGITAL LTD., a foreign corporation; and<br><br>STEPHEN EHRLICH, individually and as an officer of VOYAGER DIGITAL, LLC, VOYAGER DIGITAL HOLDINGS, INC., and VOYAGER DIGITAL LTD.,<br><br>    Defendants, and<br><br>FRANCINE EHRLICH,<br><br>    Relief Defendant. | Case No. 1:23-cv-08960-GHW-SLC<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Relief, and Other Relief ("Complaint"), for a permanent injunction, monetary relief, and other relief in this matter, pursuant to Sections 13(b), 19, and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b, 56(a)(1), and the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. §§ 6821 *et seq*. Corporate Defendants have waived service of the summons and the Complaint. Defendants Voyager Digital, LLC, Voyager Digital Holdings, Inc., and Voyager Digital Ltd. have filed petitions for relief under Chapter 11 of the Bankruptcy Code. *See Voyager Digital Holdings, Inc., et al*, No. 22-10943-mew (Bankr. S.D.N.Y.)  The Commission and Corporate Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief

1

("Order") to resolve all matters in dispute in this action between them and the pending bankruptcy proceedings.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the marketing and sale of cryptocurrency services. The Complaint further charges that Defendants obtained customer information of a financial institution relating to another person by making false, fictitious, or fraudulent statements, in violation of Section 521 of the GLB Act, 15 U.S.C. § 6821.

3. Corporate Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Corporate Defendants admit the facts necessary to establish jurisdiction.

4. Corporate Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Corporate Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

6. Entry of this Order is in the public interest.

7. The Commission's prosecution of this action, including entry of a money judgment and the enforcement of a judgment (other than a money judgment) obtained in this action are actions to enforce the Commission's police or regulatory power. As a result, if the Debtor Defendants' bankruptcies are pending as of the date of entry of this Order, these actions

are excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4).

8. On March 10, 2023, the United States Bankruptcy Court for the Southern District of New York entered the Corrected and Amended Order (I) Approving the Second Amended Disclosure Statement and (II) Confirming the Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 1166] whereby the Bankruptcy Court approved the Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 1166-1] (the "Plan").  Mr. Paul R. Hage was appointed Plan Administrator of the Debtor Defendants on May 19, 2023.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A. **"Clear(ly) and conspicuous(ly)"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

      3.      An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

      4.      In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

      5.      The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

      6.      The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

      7.      The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

      8.      When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

B.      "**Defendants**" means the Individual Defendant and the Corporate Defendants, individually, collectively, or in any combination.

      1.      "**Corporate Defendants**" means Voyager Digital, LLC, Voyager Digital Holdings, Inc., Voyager Digital Ltd., and their successors and assigns.

      2.      "**Debtor Defendants**" means Voyager Digital, LLC, Voyager Digital Holdings, Inc., and Voyager Digital Ltd.

      3.      "**Individual Defendant**" means Stephen Ehrlich.

C.  **"Express Informed Consent"** means an affirmative act communicating unambiguous assent made after receiving and in close proximity to a Clear and Conspicuous disclosure of all information material to the provision of consent. Assent obtained through any practice or user interface that has the effect of subverting or impairing consumer autonomy, decision-making, or choice, including using text that is not easily legible or disclosing material terms behind a hyperlink, dropdown icon, tooltip, or other similar interface, does not constitute Express Informed Consent.  Acceptance of a general or broad terms of use or similar document that contains descriptions of agreement by the individual along with other, unrelated information, does not constitute Express Informed Consent.

D.  **"Nonpublic Personal Information"** means:

    1.  Any information that Defendants obtain about a consumer in connection with providing a product or service to that consumer; or

    2.  Any list, description, or other grouping of consumers (and publicly available information pertaining to them) that is derived using any Nonpublic Personal Information that is not publicly available.

E.  **"Relief Defendant"** means Francine Ehrlich.

## ORDER

### I. BAN

IT IS ORDERED that Corporate Defendants are permanently restrained and enjoined from advertising, marketing, promoting, offering, or distributing, or assisting in the advertising, marketing, promoting, offering, or distributing of any product or service that can be used to deposit, exchange, invest, or withdraw assets, whether directly or through an intermediary.

## II.     PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Corporate Defendants, Corporate Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any product or service are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication the benefits of Defendants' products or services or any other material fact about Defendants' products or services, such as the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## III.    INJUNCTION RELATING TO OBTAINING CUSTOMER FINANCIAL INFORMATION

IT IS FURTHER ORDERED that Corporate Defendants and Corporate Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from:

A.     Obtaining or attempting to obtain customer information of a financial institution (including bank account routing number, account number, log-in credentials, private keys, or other cryptocurrency wallet information) from a consumer by making false, fictitious, or fraudulent representations to any consumer or financial institution; or

B.     Violating the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809, §§ 6821-6827, a copy of which is attached.

## IV.    PROHIBITION AGAINST IMPROPER DISCLOSURE OF NONPUBLIC PERSONAL INFORMATION

IT IS FURTHER ORDERED that Corporate Defendants, Corporate Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any

of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from disclosing to any other person any Nonpublic Personal Information about a consumer unless Corporate Defendants have obtained the consumer's Express Informed Consent to disclose that Nonpublic Personal Information to that person.

## V.     ORDERS OF BANKRUPTCY COURT

IT IS FURTHER ORDERED that this Order does not restrain or enjoin the deposit, exchange, distribution, investment, or withdrawal of assets owned or held by the Debtor Defendants and being administered in accordance with the United States Bankruptcy Code and orders of the court in the Bankruptcy Case.  For the avoidance of doubt, Part VI.C-D, below, does not create a contingent liability against the Debtor Defendants and does not preclude the full distribution of assets held by the Debtor Defendants in the Bankruptcy Case.

## VI.    JUDGMENT FOR MONETARY RELIEF AND ITS SUSPENSION

IT IS FURTHER ORDERED that:

A.     Judgment in the amount of $1,650,000,000 is entered in favor of the Commission against Corporate Defendants, jointly and severally, as monetary relief.  Corporate Defendants' liability for this judgment shall be joint and several with any other Defendants to the extent subsequently ordered.

B.     The judgment is suspended as to Corporate Defendants subject to the Subsections of this Section below.

C.     The suspension of the judgment as to Corporate Defendants is expressly premised upon the truthfulness, accuracy, and completeness of Corporate Defendants' sworn financial attestations submitted to the Commission and to the Bankruptcy Court.

D.     The suspension will be lifted as to Corporate Defendants if, upon motion by the

Commission or the Commission, the Court finds that a Corporate Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above. The suspension will also be lifted as to Corporate Defendants if the Bankruptcy Case is closed, dismissed, or otherwise concluded, in each case, without the estate(s) being fully administered, including any distributions to creditors, in accordance with the Bankruptcy Code.

  E. If the suspension of the judgment is lifted, the judgment becomes immediately due as to Corporate Defendants in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## VII. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

  A. Corporate Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

  B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

  C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.      Corporate Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Corporate Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E.      All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Corporate Defendants' practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury.  Corporate Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

F.      The Debtor Defendants will not object to allowance of Proof of Claim No. 12033 filed by the FTC against Voyager Digital, LLC and Proof of Claim No. 12032 filed by the FTC against Voyager Digital Holdings, Inc. (collectively, the "FTC Claim") in the Bankruptcy Case as general unsecured claims in the amount of $1,650,000,000.  Any recovery by the FTC on the FTC Claim is subject in all respects to this Order, including, for the avoidance of doubt, the suspension provisions of section VI hereof.

## VIII.   CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Corporate Defendants, Corporate Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any

of them, who receive actual notice of this Order are permanently restrained and enjoined from directly or indirectly:

      A.      failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Corporate Defendants must provide it, in the form prescribed by the Commission, within 14 days;

      B.      disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the marketing and sale of cryptocurrency services; and

      C.      failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency, required by law, regulation, or court order, or required to effectuate the full distribution of assets held by the Debtor Defendants in the Bankruptcy Case.

### IX.    COOPERATION

IT IS FURTHER ORDERED that Corporate Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or occurrences that are the subject of the Complaint.  Corporate Defendants must provide truthful and complete information, evidence, and testimony.  Corporate Defendants must cause Corporate Defendants' officers, employees, representatives, or agents to appear for

interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days' written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## X.     ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Corporate Defendants obtain acknowledgments of receipt of this Order:

A.     Each Corporate Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 10 years after entry of this Order, each Corporate Defendant must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which a Corporate Defendant delivered a copy of this Order, that Corporate Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XI.     COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Corporate Defendants make timely submissions to the Commission:

A.     One year after entry of this Order, each Corporate Defendant must submit a

11

compliance report, sworn under penalty of perjury, that: (a) identifies the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Corporate Defendant; (b) identifies all of that Corporate Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describes the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (d) describes in detail whether and how that Corporate Defendant is in compliance with each Section of this Order; and (e) provides a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

      B.      For 10 years after entry of this Order, each Corporate Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Corporate Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

      C.      Each Corporate Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Corporate Defendant within 14 days of its filing.

      D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

  E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. Voyager Digital, LLC., *et al.*, No. 2223149.

### XII. RECORDKEEPING

IT IS FURTHER ORDERED that Corporate Defendants must, in connection with promoting or offering for sale any product or service, create certain records for 10 years after entry of the Order, and retain each such record for 5 years.  Specifically, Corporate Defendants must create and retain the following records:

  A. accounting records showing the revenues from all goods or services sold;

  B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

  C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

  D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

  E. a copy of each unique advertisement or other marketing material.

## XIII.   COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Corporate Defendants' compliance with this Order:

A.  Within 14 days of receipt of a written request from a representative of the Commission, each Corporate Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.  For matters concerning this Order, the Commission are authorized to communicate directly with each Corporate Defendant.  Each Corporate Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Corporate Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.  The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Corporate Defendants, or any individual or entity affiliated with Corporate Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b.

## XIV.   RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 34.

**SO ORDERED this** 24th **day of** November **, 2023.**

_____
GREGORY H. WOODS
United States District Judge