

UNITED STATES OF AMERICA
Federal Trade Commission
Washington, D.C. 20580

Division of Financial Practices
Bureau of Consumer Protection

**<u>VIA CM/ECF</u>**

December 27, 2023

Hon. Gregory H. Woods
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

    RE:    *FTC v. Voyager Digital, LLC, et al.*, No. 1:23-cv-08960-GHW-SLC (S.D.N.Y.)

Dear Judge Woods:

    The Federal Trade Commission ("FTC") writes in response to the Ehrlichs' December 22, 2023 letter ("Letter") requesting a pre-motion conference for a motion to dismiss. The anticipated motion is meritless, as set forth below.

*<u>The FTC alleges sufficient facts to state its claims against Defendant Stephen Ehrlich</u>*

    The complaint alleges plausible violations of the FTC Act and the GLB Act.[1] For deception under the FTC Act, the FTC must show "(1) a representation, omission, or practice, that (2) is likely to mislead consumers acting reasonably under the circumstances, and (3) [that] the representation, omission, or practice is material." *FTC v. Med. Billers Network, Inc.*, 543 F. Supp. 2d 283, 303 (S.D.N.Y. 2008) (citation omitted). Marketers are responsible for deceptive claims whether they are express or implied. *Id.* at 304; *see also Kraft, Inc*., 114 F.T.C. 40, 121-22 (1991). As the Ehrlichs note, courts must view representations "as a whole without emphasizing isolated words or phrases apart from their context." Letter at 2 (citing *FTC v. Five–Star Auto Club,* 97 F. Supp. 2d 502, 528 (S.D.N.Y. 2000)). A claim is considered material if it "is likely to affect their choice of, or conduct regarding a product." *Five–Star,* 97 F. Supp. at 529.

    The complaint meets this standard. For years, Defendants touted their platform as a safe alternative to banks and promised that consumer funds were insured by the Federal Deposit

---

[1] Consistent with other courts in this Circuit, the Court should evaluate the FTC's claims under the Rule 8(a) standard rather than the heightened 9(b) standard. *See, e.g. Celsius Network, Inc.*, No. 1:23-cv-6009-DLC, Dkt. 63 (S.D.N.Y. Dec. 12, 2023); *FTC v. Tax Club, Inc.*, 994 F. Supp. 2d 461, 469-71 (S.D.N.Y. 2014); *see also Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005) (finding that state consumer protection act is not subject to the pleading-with-particularity requirements of Rule 9(b)). Regardless, the FTC's allegations are sufficiently pled to meet either standard.

Insurance Corporation ("FDIC"). Compl. ¶¶ 2, 24-41.[2] As alleged in the complaint, Voyager made widespread claims to encourage consumers to store their cryptocurrency, including USD Coin (the primary "stablecoin" on Voyager's platform), and cash with Voyager, and convert cash to USD Coin to make purchases using Voyager's debit card. *Id.* ¶ 25. The complaint plausibly alleges that these representations were false, misleading, or unsubstantiated; Voyager is not and has never been an FDIC-insured institution, and crypto deposits were never insured on Voyager or anywhere else. *Id.* ¶ 29. The complaint also states that FDIC insurance protects cash deposits only in the event of the insured institution's failure; thus, deposits held at Metropolitan Commercial Bank ("MCB"), were not protected if *Voyager* failed. *Id.* ¶ 30.[3] As the complaint alleges, Defendants were aware that Voyager was not FDIC-insured and that consumers could reasonably conclude that their crypto, including USD Coin, was protected; indeed, MCB found Voyager's statements about USD Coin potentially misleading. *Id.* ¶ 31. These claims were material; the complaint alleges that consumers placed college funds, mortgage down payments, and retirement savings on the platform. *See id.* ¶¶ 34-38. As the complaint notes, many consumers complained, including one who noted, "We thought the USDC was FDIC insured so we moved all the proceeds from the sale of our home to Voyager for [the] period we took off the home search to care for our sick child." *Id.* ¶ 37.

The Ehrlichs ignore these allegations, instead claiming that the FTC's complaint concerns only cash deposits, not crypto; that consumers thought Defendants' claims were about cash only; and that consumers thought Defendants were only making claims about MCB's failure. Letter at 2-3. As discussed above, and in the counts themselves, the complaint clearly concerns Voyager's claims about what would happen if *it* failed. *See, e.g.*, *id.* ¶ 45 (alleging, in Count I, that Defendants represented that consumers' deposits *held with Defendants* are FDIC insured).

The complaint also plausibly alleges that Voyager obtained or attempted to obtain consumers' financial information (crypto wallet information and bank account details), Compl. ¶¶ 21, 54, by making "false, fictitious, or fraudulent statements" that consumers' funds *held with Defendants* are FDIC insured. *Id.* ¶¶ 24-41, 55. As courts in this District have held, using misrepresentations to obtain customers' financial information violates the GLB Act. *FTC v. Celsius Network, Inc.*, No. 1:23-cv-6009-DLC, Dkt. 63 (S.D.N.Y. Dec. 12, 2023); *FTC v. RCG Advances, LLC*, 2023 WL 6281138, at *9-10 (S.D.N.Y. Sept. 27, 2023).

An individual may be held liable, and the court may impose injunctive relief, if he either participated directly in the practices at issue or had the authority to control them. *FTC v. Moses*, 913 F.3d 297, 308 (2d Cir. 2019). The FTC need not allege that the individual carried out each unlawful act. *Tax Club*, 994 F. Supp. 2d at 471. An individual may be held liable for monetary relief if the individual had at least "some knowledge" of the conduct. *FTC v. LeadClick Media,*

---

[2] Defendants state, without authority, that their previous statements are insulated from liability because there is a three-year statute of limitations. Letter at 3. In fact, there is no statute of limitations under Section 13(b) the FTC Act, and a five-year statute of limitations for penalties under GLB – both statutes under which the FTC is bringing this action, in addition to Section 19 of the FTC Act, which has a three-year statute of limitations. 15 U.S.C. §§ 53(b), 57b(d); *see also FTC v. Ivy Capital, Inc.,* 2011 WL 2470584, at *2 (D. Nev. June 20, 2011) (finding no statute of limitations applies for claims brought under Section 13(b)).

[3] *See* "Advisory to FDIC-Insured Institutions Regarding FDIC Deposit Insurance and Dealings with Crypto Companies," Federal Deposit Insurance Corporation (July 29, 2022), https://www.fdic.gov/news/financial-institution-letters/2022/fil22035b.pdf.

*LLC*, 838 F.3d 158, 169-70 (2d Cir. 2016). Here, the FTC alleges that Mr. Ehrlich, as co-founder and CEO, had control of Voyager's conduct—and personally made false claims about FDIC insurance and the safety of the Voyager platform. Compl. ¶¶ 11, 24, 32-33. Even after a Voyager partner warned that FDIC insurance claims were potentially misleading, the complaint alleges that Mr. Ehrlich *personally* reached out to consumers weeks before Voyager's collapse to reassure them that consumers' funds were "FDIC insured" and "the cash you hold *with Voyager* is protected up to $250,000—which means it's as safe *with us* as at a bank." *Id.* ¶¶ 31-32 (emphasis added).

Thus, contrary to the Ehrlichs' letter, the complaint here goes beyond alleging only title and control over corporate conduct. Letter at 2. Courts have denied motions to dismiss based on similar allegations of individual liability. *See, e.g.*, *Celsius Network*, No. 1:23-cv-6009-DLC, Dkt. 63; *Tax Club*, 994 F. Supp. at 473.

<u>The FTC has a plausible basis to seek relief</u>

To plead entitlement to an injunction, the FTC need only allege facts showing "some cognizable danger of recurring violation," *FTC v. Med. Billers Network, Inc.*, 543 F. Supp. 2d 283, 323 (S.D.N.Y. 2008), or "some reasonable likelihood of future violations," *FTC v. Minutemen Press*, 53 F. Supp. 2d 248, 260 (E.D.N.Y. 1998) (quotation and citations omitted). Past conduct can create a cognizable danger of recurrence. *See, e.g.*, *SEC v. Opulentica, LLC*, 479 F. Supp. 2d 319, 329 (S.D.N.Y. 2007) (finding that defendant's "continuing course of wrongful conduct of more than eighteen months" created a likelihood of further violations). The FTC meets this standard. It alleges that Mr. Ehrlich's law violations were far from an isolated occurrence, but instead recurred over three years. Compl. ¶¶ 25-33. Mr. Ehrlich's conduct ceased not because he decided to comply with the law, but because his companies declared bankruptcy. *Id.* ¶¶ 4, 32, 40, 42. Even if the standard for an injunction was that a defendant "is violating" or "about the violate" the law, as the Ehrlichs maintain, the controlling case in this circuit is *SEC v. Commonwealth Chem. Sec., Inc.*, 574 F.2d 90 (2d Cir. 1978), which interpreted nearly-identical "is . . . about to" language in the Securities and Exchange Act using the same likelihood of recurrence language described above. *See id.* at 99-101.  The Ehrlichs wholly ignore this standard, and instead rely on an out-of-circuit district court decision, *FTC v. AdvoCare Int'l, L.P.*, No. 19-cv-715, 2020 WL 6741968, at *5–6 (E.D. Tex. Nov. 16, 2020). Letter at 3. Applying the correct law in a recent action against a bankrupt crypto company involving FTC and GLB Act violations, the court rejected similar arguments. *Celsius Network,* No.1:23-cv-06009-DLC, Dkt. 63.

Further, although not needed to survive a motion to dismiss, the complaint clearly lays out theories of monetary relief[4]— Defendants left millions of consumers without access to more than a billion dollars' worth of funds that consumers had set aside for housing costs, college tuition, and life savings. *Id.* ¶¶ 3, 33-34. The Ehrlichs' suggestions that the complaint involves only cash deposits, and that customers were able to recover 100% of their losses, are thus belied by the plain language in the complaint.

---

[4] The FTC has likewise plausibly alleged that Mrs. Ehrlich has (1) received ill-gotten funds and (2) does not have a legitimate claim to those funds. *See FTC v. Leanspa, LLC*, 920 F. Supp. 2d 270, 281 (D. Conn. 2013). The complaint alleges that Defendants made false claims to entice consumers to place their funds with Voyager and that Defendant Ehrlich transferred funds that are traceable to this misconduct to his wife. Compl. ¶¶ 12, 58-60.

3


Respectfully submitted,

  */s/ Quinn Martin*
QUINN MARTIN
SANYA SHAHRASBI
LARKIN TURNER
Attorneys
Federal Trade Commission
600 Pennsylvania Ave., NW
Mail Drop CC-10232
Washington, DC 20580
(202) 326-2080
qmartin@ftc.gov
sshahrasbi@ftc.gov
lturner@ftc.gov

*Attorneys for Plaintiff*