

Division of Financial Practices
Bureau of Consumer Protection

UNITED STATES OF AMERICA
Federal Trade Commission
Washington, D.C. 20580

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/25
```

**VIA CM/ECF**

**MEMORANDUM ENDORSED**

May 13, 2025

Hon. Gregory H. Woods
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007
(WoodsNYSDChambers@nysd.uscourts.gov)

**RE:** *Federal Trade Commission v. Voyager Digital, LLC, et al.*, No. 1:23-cv-08960-GHW-SLC (S.D.N.Y.)

**Joint Letter Motion for 45-Day Stay**

Dear Judge Woods:

Plaintiff Federal Trade Commission ("Commission"), jointly with Defendant Stephen Ehrlich and Relief Defendant Francine Ehrlich (collectively, "Ehrlich Defendants"), respectfully requests that the Court stay this matter for 45 days to permit the parties to finalize and move for entry of a proposed Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Proposed Stipulated Order").

Counsel for the parties have negotiated the Proposed Stipulated Order, which would resolve all remaining issues in this case. The Ehrlich Defendants and their counsel signed the proposed order late last week. Although counsel for the Commission has authority to negotiate settlement agreements, under Section 4.14 of the Commission's Rules of Practice, 16 C.F.R. § 4.14(c), only a majority vote by the agency's Commissioners can approve such agreements. Accordingly, the Commission must consider and approve the settlement before counsel for the Commission may countersign the Proposed Stipulated Order and the parties can submit a joint motion for its entry. Counsel for the Commission estimates this process may take up to 45 days.

Under the circumstances, the parties believe a 45-day stay is warranted. A stay would avoid unnecessary expenditure of resources by the Court and the parties, and would expedite the resolution of this matter and attendant relief to consumers. "It is well settled that district courts have the inherent power, in the exercise of discretion, to issue a stay when the interests of justice require such action." *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). To determine whether a stay is warranted, courts examine five factors: "(1) the

Hon. Gregory H. Woods
May 13, 2025
Page 2

private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (internal citation omitted).

      This balancing of interests weighs in favor of issuing a stay in this case. *First*, entry of a stay will not prejudice the Commission, as it will conserve agency resources that otherwise would be devoted to litigation, and permit the resolution of this matter faster than if it were litigated to final resolution. *Second*, entry of a stay will not harm the private interests of the Ehrlich Defendants or burden them; instead, it will allow them to conserve financial resources and time that otherwise would have to be spent on litigation. *Third*, a stay should not harm the interests of the Court, as it will allow the Court to devote time and attention to other important matters without substantially disrupting the schedule or delaying resolution of this case. Discovery in this matter is complete and there is not yet a schedule for summary judgment briefing or a trial date. Although there is a hearing scheduled for May 30 on the parties' requests to brief summary judgment, the requested stay should obviate the need for that hearing entirely, rather than merely delaying it. *Fourth*, a stay will not harm the interests of persons who are not parties to this litigation. No witnesses or others have yet been scheduled to appear in any court hearings in this proceeding, and a settlement will prevent any witnesses from being inconvenienced by being called to appear in the future. *Fifth*, a stay will serve the public interest. The Commission has brought this matter to remedy harm to consumers it alleges were injured, and an expeditious and final resolution will help bring relief to those consumers faster than protracted litigation.

      For the foregoing reasons, the parties respectfully request that the Court grant a stay of all proceedings and deadlines in this matter for 45 days to permit the parties' submission of a joint motion to resolve this litigation through entry of the Proposed Stipulated Order.

      Respectfully submitted,

| FOR PLAINTIFF: | FOR DEFENDANT STEPHEN EHRLICH AND RELIEF DEFENDANT FRANCINE EHRLICH: |
|---|---|
| *Mark Glassman* | |
| Mark Glassman | *Sarah Krissoff* |
| Quinn Martin | Sarah Krissoff |
| Elizabeth Arens | Andrew Linz |
| Federal Trade Commission | Cozen O' Connor |
| 600 Pennsylvania Ave., NW | 3 WTC, 175 Greenwich Street |
| Mail Drop CC-10232 | New York, NY 10007 |
| Washington, DC 20580 | T: (212) 908-1388 |
| (202) 326-2826 | |

Hon. Gregory H. Woods
May 13, 2025
Page 3

mglassman@ftc.gov
qmartin@ftc.gov
earens@ftc.gov

F: (646) 225-5128
skrissoff@cozen.com
alinz@cozen.com

Helen Harris
Day Pitney LLP
One Stamford Plaza, 7th Floor
263 Tresser Boulevard
Stamford, Connecticut 06901
T: (203) 977-7418
F: (203) 399-5884
hharris@daypitney.com

Matthew Letten
Day Pitney LLP
225 Asylum Street
Hartford, Connecticut 06103
T: (860) 275-0100
F: (860) 275-0343
mletten@daypitney.com
jlerner@daypitney.com

**FOR RELIEF DEFENDANT FRANCINE EHRLICH:**

*Jordan Estes*
Jordan Estes
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
(212) 351-3906
JEstes@gibsondunn.com

Application granted. The parties' request for a stay of proceedings to permit the parties to submit a joint motion to resolve this case through entry of a proposed stipulated order, Dkt. No. 117, is granted. This case is stayed until June 27, 2025, and the conference scheduled for May 30, 2025 is adjourned *sine die*. The parties are directed to submit a joint letter updating the Court on the status of this case no later than June 27, 2025 if no proposed stipulated order has been submitted by that date.

The Clerk of Court is directed to note the stay of this action on the docket and to terminate the motion pending at Dkt. No. 117.

SO ORDERED.

Dated: May 13, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge