

UNITED STATES OF AMERICA
Federal Trade Commission
Washington, D.C. 20580

Division of Financial Practices
Bureau of Consumer Protection

**VIA CM/ECF**

June 27, 2025

Hon. Gregory H. Woods
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007
(WoodsNYSDChambers@nysd.uscourts.gov)

**RE:** *FTC v. Voyager Digital, LLC, et al.*, No. 1:23-cv-08960-GHW-SLC (S.D.N.Y.)

**FTC's Consent Letter Motion Seeking Entry of Proposed Stipulated Order**

Dear Judge Woods:

Plaintiff Federal Trade Commission ("Commission" or "FTC") respectfully requests that the Court enter the Proposed Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Stipulated Order") (Dkt. No. 119). Defendant Stephen Ehrlich and Relief Defendant Francine Ehrlich (collectively, "Ehrlich Defendants") consent to this request. Entry of the Stipulated Order would end the litigation against the Ehrlich Defendants, thus resolving this case. The Stipulated Order is both fair and reasonable, and not contrary to the public interest, and thus satisfies the conditions for entry. As described below, it includes injunctive relief prohibiting the alleged misconduct, allows the FTC to provide monetary relief to consumers, and avoids the cost and delay of further litigation.[1]

Courts in the Second Circuit consider several criteria when evaluating whether to enter a proposed consent order involving an enforcement agency. *First*, to assess the fairness and reasonableness of a consent order, courts must consider: (1) its basic legality; (2) whether its terms, including enforcement mechanisms, are clear; (3) whether it resolves the claims in the

---

[1] Courts in this District and nationwide have entered stipulated orders with similar provisions, including in this matter. *See, e.g.*, *FTC v. Voyager Digital, LLC, et al.*, No. 1:23-cv-08960 (S.D.N.Y. Nov. 24, 2023) (Dkt. No. 35); *FTC v. Celsius Network, Inc.*, No. 1:23-cv-6009 (S.D.N.Y. July 13, 2023) (Dkt. No. 27) (granting letter motion for entry of settlement); *FTC v. Roomster Corp.*, No. 1:22-cv-7389 (S.D.N.Y. Aug. 30, 2022) (Dkt. No. 31) (granting motion for entry of settlement); *FTC v. Outreach Calling, Inc.*, No. 1:20-cv-7505 (S.D.N.Y. Sep. 14, 2020) (Dkt. No. 40) (same); *FTC v. Adoreme Corp.*, No. 1:17-cv-9083 (S.D.N.Y. Nov. 20, 2017) (Dkt. No. 4) (same); and *FTC v. Liberty Chevrolet, Inc.*, No. 1:20-cv-3945 (S.D.N.Y. May 21, 2020), (Dkt. No. 15) (entering stipulated order without motion).

complaint; and (4) whether it is tainted by improper collusion or corruption. *See SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 294 (2d Cir. 2014). *Second*, courts must determine that "the public interest would not be disserved" by the proposed injunctive relief. *Id.* (citation omitted). "Absent a substantial basis in the record for concluding that the proposed consent decree does not meet these requirements, the district court is required to enter the order." *Id.*[2]

The Stipulated Order satisfies each of the requirements to be found fair and reasonable.[3] *First*, the FTC is authorized to seek, and the Court to order, injunctive, monetary, and other relief for the law violations set forth in the Complaint (Dkt. No. 1) pursuant to Sections 5(a), 13(b), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 53(b), and 57b, and the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. § 6821 *et seq.* As the Court has affirmed, the Complaint adequately states claims for each violation. (Dkt. Nos. 71, 74.)

*Second*, the Stipulated Order sets forth prohibitions and requirements using clear language and defined terms. The prohibitions are set forth in Sections I-IV and are described further below. Many of these provisions use language resembling provisions enforced by federal courts in other FTC cases. The FTC can bring an enforcement action before this Court if necessary pursuant to Section XIII of the Order (Retention of Jurisdiction) by bringing an action for civil contempt. This enforcement mechanism is the same as the one included in the Order this Court previously entered in this action against the Voyager entities. (*See* Dkt. No. 35 § XIV.)

*Third*, the proposed Stipulated Order resolves all claims as to the Ehrlich Defendants and would conclude the litigation against them. The FTC's complaint alleged that Defendants' acts or practices in connection with their marketing and sale of cryptocurrency services violated Section 5(a) of the FTC Act, 15 U.S.C. §45(a), and Section 521 of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6821 by misrepresenting that consumers' deposits or funds held with Voyager would be FDIC insured. (*See* Dkt. No. 1.) The proposed relief resolves each of these claims and includes:

- A ban on advertising, marketing, promoting, or offering for sale any retail product or service that can be used to buy, sell, deposit, withdraw, distribute, or trade cryptocurrency. (*See* Stipulated Order § I);

- Prohibitions against: (a) misrepresenting the benefits or any other material fact about a product or service; (b) obtaining or attempting to obtain customer financial information by making false, fictitious, or fraudulent representations; and (c) disclosing any consumer's nonpublic personal information without obtaining express informed consent from that consumer. (*See* §§ II-IV);

- A monetary judgment of $570.1 million against Defendant Stephen Ehrlich, reflecting unreturned consumer balances, and a $2.8 million judgment against

---

[2] A complaint that "set[s] out the colorable claims, supported by factual averments" often "will suffice to allow the district court to conduct its review." *Id.* at 296.

[3] Additionally, the findings in Stipulated Order, and their basic factual and legal predicates, are similar to those in the previously entered stipulated order against Voyager (Dkt. No. 35). The FTC incorporates by reference its memorandum of law supporting entry of that prior stipulated order. (*See* Dkt. No. 34-3.).

> Relief Defendant Francine Ehrlich. Upon payment of the $2.8 million, which will be used for consumer redress, the remainder of the monetary judgment will be suspended based on inability to pay. (*See id.* § VI); and
>
> - Reporting and recordkeeping obligations that allow the FTC to monitor compliance with the Stipulated Order. (*See id.* §§ IX-XII).[4]

*Fourth*, the Stipulated Order was lawfully entered into at arms-length, by parties who were each represented by experienced counsel, and has not been tainted by any improper collusion or corruption.[5]

Finally, the proposed Stipulated Order serves the public interest. The Order imposes injunctive relief to prevent future misconduct, and provides monetary relief to remedy past injury, based on conduct that the Commission expressly alleges is harmful to the public interest. *See* Complaint ¶ 61 (Dkt. No. 1); 15 U.S.C. §53(b).[6]

Because each of the factors enumerated in *Citigroup*, 752 F.3d at 294, supports the conclusion that the Stipulated Order is fair, reasonable, and not contrary to the public interest, the FTC requests, with the Ehrlich Defendants' consent, that the Court enter it.

Respectfully submitted,

*/s/ Mark Glassman*
Mark Glassman
Quinn Martin
Elizabeth Arens
Federal Trade Commission
600 Pennsylvania Ave., NW
Mail Drop CC-10232
Washington, DC 20580
(202) 326-2826
mglassman@ftc.gov
qmartin@ftc.gov
earens@ftc.gov

---

[4] Courts have entered similar provisions in numerous instances to ensure compliance, including in both stipulated and litigated orders. *See, e.g., FTC v. Voyager Digital, LLC*, No. 1:23-cv-08960 (S.D.N.Y. Nov. 24, 2023) (Dkt. No. 35) (stipulated order); *FTC v. RCG Advances, LLC*, No. 1:20cv04432 (S.D.N.Y. Oct. 30, 2023) (Dkt. No. 183) (litigated order); *FTC v. Roomster Corp.*, No. 1:22-cv-7389 (S.D.N.Y. Sept. 5, 2023) (Dkt. No. 96) (stipulated order); *FTC v. Celsius Network, Inc.*, No. 1:23-cv-6009 (S.D.N.Y. July 13, 2023) (Dkt. No. 27) (stipulated order).

[5] *See* attached Declaration of Mark Glassman Pursuant to 28 U.S.C. § 1746 in Support of FTC's Consent Letter Motion Seeking Entry of Proposed Stipulated Order.

[6] Nothing in the proposed Stipulated Order prevents private litigants from pursuing their own claims against the Ehrlich Defendants. *See Citigroup*, 752 F.3d at 29.