UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>VOYAGER DIGITAL, LLC, a limited liability company, VOYAGER DIGITAL HOLDINGS, INC., a corporation, VOYAGER DIGITAL LTD., a foreign corporation; and<br><br>STEPHEN EHRLICH, individually and as an officer of VOYAGER DIGITAL, LLC, VOYAGER DIGITAL HOLDINGS, INC., and VOYAGER DIGITAL LTD.,<br><br>    Defendants, and<br><br>FRANCINE EHRLICH,<br><br>    Relief Defendant. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 6/27/25<br><br>Case No. 1:23-cv-08960<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Relief, and Other Relief ("Complaint"), for a permanent injunction, monetary relief, and other relief in this matter, pursuant to Sections 13(b), 19, and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b, 56(a)(1), and the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. §§ 6821 *et seq*. Plaintiff, Defendant Stephen Ehrlich, and Relief Defendant Francine Ehrlich stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

1

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint alleges that Defendants, as defined below, participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the marketing and sale of cryptocurrency services. The Complaint further alleges that Defendants, as defined below, obtained customer information of a financial institution relating to another person by making false, fictitious, or fraudulent statements, in violation of Section 521 of the GLB Act, 15 U.S.C. § 6821.

3. Ehrlich Defendants neither admit nor deny any of the allegations of the Complaint, except as specifically stated in this Order. Only for purposes of this action, Ehrlich Defendants admit the facts necessary to establish jurisdiction.

4. Ehrlich Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Ehrlich Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A. "**Clear and Conspicuous**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

    1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.

In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

B.  "**Defendants**" means Stephen Ehrlich (the "Individual Defendant") and the Corporate Defendants, individually, collectively, or in any combination.

    1.  "**Corporate Defendants**" means Voyager Digital, LLC, Voyager Digital Holdings, Inc., Voyager Digital Ltd., and their successors and assigns.

    2.  "**Ehrlich Defendants**" means Stephen Ehrlich and Francine Ehrlich.

    3.  "**Individual Defendant**" means Stephen Ehrlich.

    4.  **"Relief Defendant"** means Francine Ehrlich.

C.  "**Cryptocurrency**" means any digital asset based on blockchain or similar technology, including stablecoins, privacy coins, crypto tokens, exchange tokens, and governance tokens.

D.  "**Express Informed Consent**" means an affirmative act communicating unambiguous assent made after receiving and in close proximity to a Clear and Conspicuous disclosure of all information material to the provision of consent. Assent obtained through any practice or user interface that has the effect of subverting or impairing consumer autonomy, decision-making, or choice, including using text that is not easily legible or disclosing material terms behind a hyperlink, dropdown icon, tooltip, or other similar interface, does not constitute Express Informed Consent. Acceptance of a general or broad terms of use or similar document that contains descriptions of agreement by the individual along with other, unrelated information, does not constitute Express Informed Consent.

E.  **"Nonpublic Personal Information"** means:

    1.  Any personally identifiable information that Defendants obtain about a consumer in connection with providing a product or service to that consumer; or

2. Any list, description, or other grouping of consumers (and publicly available information pertaining to them) that is derived using any Nonpublic Personal Information that is not publicly available.

## ORDER

### I. BAN

IT IS ORDERED that Individual Defendant is permanently restrained and enjoined from advertising, marketing, promoting, or offering for sale, or assisting in the advertising, marketing, promoting, or offering for sale of any retail product or retail service that can be used to buy, sell, deposit, withdraw, distribute, or trade Cryptocurrency.

### II. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Individual Defendant, Individual Defendant's officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any product or service are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication the benefits of any product or service or any other material fact about any product or service, such as the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

### III. INJUNCTION RELATING TO OBTAINING CUSTOMER FINANCIAL INFORMATION

IT IS FURTHER ORDERED that Individual Defendant and Individual Defendant's officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from:

  A. Obtaining or attempting to obtain customer information of a financial institution (including bank account routing number, account number, log-in credentials, private keys, or other cryptocurrency wallet information) from a consumer by making false, fictitious, or fraudulent representations to any consumer or financial institution; or

  B. Violating the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809, §§ 6821-6827, a copy of which is attached.

### IV. PROHIBITION AGAINST IMPROPER DISCLOSURE OF NONPUBLIC PERSONAL INFORMATION

IT IS FURTHER ORDERED that Individual Defendant, Individual Defendant's officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from disclosing to any other person any Nonpublic Personal Information about a consumer unless Individual Defendant has obtained the consumer's Express Informed Consent to disclose that Nonpublic Personal Information to that person.

Provided, however, that Nonpublic Personal Information may be disclosed to the extent requested by a government agency or required by law, regulation, or court order.

### V. MONETARY JUDGMENTS AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

  A. Judgment in the amount of $570,100,000 is entered in favor of the Commission against Individual Defendant as monetary relief.

  B. Judgment in the amount of $2,800,000 is entered in favor of the Commission against Relief Defendant as monetary relief.

  C. Individual Defendant is ordered to pay to the Commission $2,800,000 as follows:

1. Individual Defendant shall pay to the Commission $2,050,000, which, as Individual Defendant and Relief Defendant stipulate, Individual Defendant's undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission. Such payment will be applied to the judgment under Subsection B above.

2. Individual Defendant shall pay to the Commission $750,000, which, as Individual Defendant and Relief Defendant stipulate, Individual Defendant's undersigned counsel holds in escrow, and will continue to hold in escrow, for no purpose other than payment (a) to the Commission or (b) pursuant to a final judgment entered in *Commodity Futures Trading Commission v. Stephen Ehrlich,* Case No. 1:23-cv-8962 (S.D.N.Y.) ("CFTC Action") to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund. Such payment to the Commission must be made within four months of the date of entry of this Order in accordance with instructions previously provided by a representative of the Commission and will be applied to the judgment under Subsection B above; *provided that* if, prior to the day such payment is due, the Individual Defendant demonstrates that he or the Relief Defendant has paid an amount pursuant to a final judgment entered in the CFTC Action, Individual Defendant shall be deemed to have satisfied the payment obligation set forth in this Subsection C to the extent of that

amount, and such payment will be applied to the judgment under Subsection B above.

3. Upon full satisfaction of the $2,800,000 payment, the judgment under Subsection A is suspended, subject to the Subsections below.

D. The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Individual Defendant's sworn financial statement and related documents (collectively, "financial representations") submitted to the Commission, namely the Financial Statement of Individual Defendant Stephen Ehrlich signed on 6/17/24, including the exhibits.

E. The suspension of the judgment will be lifted as to Individual Defendant if, upon motion by the Commission, the Court finds that Individual Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

F. If the suspension of the judgment is lifted, the judgment becomes immediately due as to the Individual Defendant in the amount specified in Subsection A. above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section and any amount Individual Defendant demonstrates was previously paid to consumers by any other Defendant after July 31, 2024, including through the bankruptcy proceeding *In re: Voyager Digital Holdings, Inc. et al.*, Case No. 22-10943 (MEW) (Bankr. S.D.N.Y.), plus interest computed from the date of entry of this Order.

## VII. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.     Ehrlich Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission in a proceeding to enforce its rights pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.     Ehrlich Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Ehrlich Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.     All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for relief is to be deposited to the U.S. Treasury.  Ehrlich Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this

Subsection.

## VIII.  CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Individual Defendant, Individual Defendant's officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order are permanently restrained and enjoined from directly or indirectly:

A. failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Individual Defendant must provide it, in the form prescribed by the Commission, within 14 days;

B. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the marketing and sale of cryptocurrency services; and

C. failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## IX.  ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Ehrlich Defendants obtain acknowledgments of receipt of this Order:

10

A. Individual Defendant and Relief Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 10 years after entry of this Order, Individual Defendant for any business that such Defendant is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Individual Defendant delivered a copy of this Order, Individual Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X.    COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Individual Defendant makes timely submissions to the Commission:

A. One year after entry of this Order, Individual Defendant must submit a compliance report, sworn under penalty of perjury:

1. Individual Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Individual Defendant;

(b) identify all of Individual Defendant's businesses for which Individual Defendant is majority owner or controls directly or indirectly, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Individual Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

    2.    Additionally, Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Individual Defendant performs services whether as an employee or otherwise and any entity in which Individual Defendant has any ownership interest; and (c) describe in detail Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.    For 10 years after entry of this Order, Individual Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

    1.    Individual Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any entity that Individual Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any

subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Individual Defendant performs services whether as an employee or otherwise and any entity in which Individual Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Individual Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Individual Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Voyager Digital, LLC., *et al.*, No. 2223149.

## XI.   RECORDKEEPING

IT IS FURTHER ORDERED that Individual Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years.  Specifically, Individual Defendant for any business that he individually or collectively with any other Defendants or Relief Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

    A.    accounting records showing the revenues from all goods or services sold;

    B.    personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

    C.    records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

    D.    all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

    E.    a copy of each unique advertisement or other marketing material.

## XII.   COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Individual Defendant's compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

    A.    Within 14 days of receipt of a written request from a representative of the Commission, Individual Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by

Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that Individual Defendant, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in Federal Rule of Civil Procedure 26(c).

  B. For matters concerning this Order, the Commission is authorized to communicate directly with Individual Defendant. Individual Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Individual Defendant who has agreed to such an interview. The person interviewed may have counsel present.

  C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Individual Defendant, or any individual or entity affiliated with Individual Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

  D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XIII.   RETENTION OF JURISDICTION

  IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this** 27th **day of** June **, 2025.**

_____
THE HONORABLE GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE